Filed 6/16/23  P. v. Rivera CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESUS RIVERA,<br><br>    Defendant and Appellant. | B322198<br><br>(Los Angeles County<br> Super. Ct. No. BA281996) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael E. Pastor, Judge.  Dismissed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jesus Rivera appeals the order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2] We dismiss the appeal as abandoned.

## BACKGROUND

In April 2005, Robert Garcia was shot in a drive-by shooting. Rivera was identified as the shooter.

In August 2005, a jury convicted Rivera of attempted premeditated willful and deliberate murder (§§ 664/187, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), and discharge of a firearm from a motor vehicle (§ 12034, subd. (c)). The jury found true allegations that Rivera committed all three offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that in the commission of these offenses he personally inflicted great bodily injury (§ 12022.7, subd. (a)). The jury also found true firearm use allegations. (§§ 12022.5, subd. (a), 12022.53, subds. (b)-(d).) The trial court sentenced Rivera to 40 years to life in state prison.

On appeal, the assault conviction was reversed. (*People v. Rivera* (Apr. 25, 2007, B187176) [nonpub. opn.].) The judgment was otherwise affirmed.

On January 13, 2022, Rivera filed, in pro. per., a petition for resentencing pursuant to section 1172.6. Among other allegations, Rivera alleged he "could not presently be convicted of . . . attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." Rivera checked the box on the petition asking for appointed counsel.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For ease of reference, we will refer to the section by its new numbering only.

The trial court appointed counsel, who subsequently filed a brief in support of the petition. The People filed a response. On June 21, 2022, the court denied the petition, finding that Rivera failed to make a prima facie case for relief. The court reasoned that the jury was never instructed on the felony murder rule, natural and probable consequences doctrine, aider and abettor liability, or imputed malice. Rather, the jury found true that Rivera "was the actual shooter and personally used, . . . and discharged a firearm causing great bodily injury to the alleged victim."

Rivera timely filed a notice of appeal.

## DISCUSSION

We appointed counsel to represent Rivera on appeal. After examination of the record, his attorney filed an opening brief raising no issues and asking this court to independently review the record. Our Supreme Court has established a procedural framework to follow when appointed counsel finds no arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*).) Under that framework, we gave notice to Rivera that he had the right to file a supplemental letter or brief, or his appeal could be dismissed.

If the defendant responds to the notice, the court is required to evaluate the arguments raised in the supplemental brief or letter and must issue a written opinion. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) If the defendant does not respond to the court's notice, then the court may exercise its discretion to dismiss the appeal as abandoned. (*Ibid*.) If it chooses to dismiss, it may do so with or without a written opinion. (*Ibid*.)

Rivera was notified of the court's policy and did not file a supplemental letter or brief.

3

In accordance with the procedures articulated above, we dismiss the appeal as abandoned. And even if we were to look at the merits, the trial court's order is indisputably correct because Rivera is statutorily ineligible for relief. Under the ordinary principles governing statutory interpretation, a petitioner is eligible for relief under section 1172.6 if he could not be convicted at present because of changes to the law made by Senate Bill No. 1437 (2017-2018 Reg. Sess.). (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Here, the jury found Rivera was the actual shooter.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.*

We concur:

CURREY, Acting P. J.

MORI, J.

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4